959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martin David HURT, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 91-5849.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1992.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant-appellant, Martin D. Hurt ("Hurt"), appeals his conviction for conspiracy and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 846, and aiding and abetting in violation of 18 U.S.C. § 2. Following a three-day jury trial beginning on April 9, 1991, Hurt was found guilty on each charge. He was sentenced on June 26, 1991, to a term of imprisonment of 33 months.
 
 
 2
 Prior to the date of the alleged transaction leading to Hurt's arrest, Officer Ed Rigsby ("Rigsby"), acting on information from an informant, met with an individual named Thomas Chambers ("Chambers") at the American Inn Restaurant in Nashville, Tennessee. Chambers expressed an interest in purchasing as much as 400 pounds of marijuana. Pursuant to that meeting, Officer Rigsby arranged for a "reverse purchase" of marijuana, whereby undercover officers would pose as drug dealers and sell drugs to the suspected drug traffickers. Shortly thereafter, Chambers again met Officer Rigsby at the American Inn Restaurant regarding the reverse purchase, and Officer Rigsby drove them to an apartment which he had secured in anticipation of the meeting.
 
 
 3
 During the second meeting, Chambers inspected approximately 72 pounds of marijuana provided by Officer Rigsby. Officer Rigsby and Chambers then left the apartment, and Officer Rigsby drove Chambers to the American Inn parking lot. On their way, Chambers asked Rigsby to stop so that Chambers could phone a woman and "have her bring the money down" in order for Chambers to consummate the sale. After making several other phone calls, Chambers returned to Officer Rigsby and informed him that "we may just go ahead and take it all" since they had "got hold of him," which led Officer Rigsby to believe that a third party, a male, was now involved.
 
 
 4
 Three hours after their return to the American Inn parking lot, Chambers was met by two individuals, a woman and a man. Officers surveilling the area observed the two individuals walking with Chambers to the rear of their vehicle, which was parked adjacent to Chambers' vehicle, and appeared to transfer items between the trunks of the two cars. The man, who was later identified as Hurt, entered the American Inn Restaurant and, after about 30 minutes, returned to Chambers' vehicle. Hurt backed the vehicle into a parking space behind the restaurant at a point "where he could sit and watch anything that came around in either direction of the restaurant," according to one of the surveilling officers.
 
 
 5
 Accompanied by the woman, Chambers returned to the apartment which had been secured by Officer Rigsby. Hurt remained in Chambers' vehicle at the American Inn Restaurant. After the marijuana transaction was completed at the apartment, Officer Rigsby asked Chambers whether there was anyone else with him. Chambers responded that "the other guy that's up here--he got a good idea about where we're at, but he don't have no idea." When Rigsby asked why the other individual had not joined them, Chambers responded that "just you being new ... I mean, he just don't like to take no chances." He further explained that "that's what they pay me to take the chances and everything else, and so he just don't like to even take none." The woman added that "he don't like to meet new people." At trial, Officer Rigsby testified that "he" referred to Hurt.
 
 
 6
 The above references to an unspecified individual, about which Officer Rigsby testified at trial, are the basis of Hurt's first challenge to his conviction. He contends that there was no basis on which Officer Rigsby could conclude that Chambers referred to Hurt when he spoke and, therefore, the non-conclusive references were erroneously admitted into evidence.
 
 
 7
 We find no merit in Hurt's argument. A district court has broad discretion in ruling on the admission of evidence and we will reverse only upon a clear showing of abuse of discretion. See United States v. Moreno, 933 F.2d 362, 375 (6th Cir.), cert. denied, 112 S.Ct. 265 (1991). We hold that the district court acted within that discretion in admitting Officer Rigsby's testimony that Chambers' alleged references were to Hurt. Officer Rigsby's conclusion was supported by the evidence. Moreover, presented with the evidence on which Officer Rigsby based his opinion, the jury could also infer that Chambers' statements to Officer Rigsby referred to Hurt.
 
 
 8
 Hurt further claims that he was unfairly surprised at trial when another officer, Melvin Brown ("Officer Brown"), was allowed during his testimony to correct an error on a written report which he had prepared following the alleged incidents giving rise to Hurt's charge. We conclude that the district court also acted within its discretion in allowing this testimony. Officer Brown merely testified that he had made an error in the written report. Hurt had, and made full use of, an opportunity to cross-examine Officer Brown as to the alleged erroneous report. Accordingly, the district court's admission of Officer Brown's testimony was not an abuse of discretion.
 
 
 9
 In sum, we hold that the district court committed no error in admitting the contested evidence at trial. Moreover, the evidence presented at trial was sufficient to support Hurt's conviction.
 
 
 10
 For these reasons, we AFFIRM the rulings of the Honorable John T. Nixon, United States District Judge for the Middle District of Tennessee, as well as Hurt's conviction for conspiracy and possession of marijuana with intent to distribute.